The parties are directed to settle an order consistent with this decision.

Laurance **LOWENSCHUSS, Individually and as Trustee of the Fred Lowenschuss Associates Pension Plan, Plaintiff,**

v.

**RESORTS INTERNATIONAL, INC., Defendant.**

**Civil Action No. 95–2673.**

United States District Court, D. New Jersey.

Jan. 29, 1996.

William D. Parry, Philadelphia, PA, for Plaintiff.

Mitchell A. Karlan, Jonathan L. Israel, Leslie E. Moore, Gibson, Dunn & Crutcher, New York City, Robert A. Baime, Ravin, Sarasohn, Cook, Baumgarten, Fisch & Baime, Roseland, NJ, for Defendant.

## OPINION

LECHNER, District Judge.

Laurance Lowenschuss ("Laurance Lowenschuss"), individually and as the trustee of the Fred Lowenschuss Associates Pension

Plan (the "Pension Plan") commenced this action by filing a complaint (the "Complaint") in the United States District Court for the District of Nevada (the "U.S. District Court, Nevada") against defendant Resorts International, Inc. ("Resorts"). Laurance Lowenschuss seeks damages, an injunction and a declaratory judgment. Jurisdiction is asserted under 28 U.S.C. § 1332(a) and is also proper under 28 U.S.C. § 1334(b).

Currently before the court is the question whether the Complaint should be referred to the United States Bankruptcy Court for the District of New Jersey (the "U.S. Bankruptcy Court, New Jersey") pursuant to 28 U.S.C. § 157(a) ("Section 157(a)") and pursuant to the Standing Order of Reference of the United States District Court for the District of New Jersey, dated 23 July 1984, ¶ 1 (the "Standing Order").[1] For the reasons set forth below, the Complaint is referred to the U.S. Bankruptcy Court, New Jersey.

*Facts*

### A. *Parties*

The Complaint alleges Laurance Lowenschuss is a resident of the State of Nevada. Complaint, ¶ 1. Resorts is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in New Jersey. Complaint, ¶ 2; *see* Affidavit of Matthew B. Kearney, Executive Vice–President of Resorts, dated 27 October 1994, ¶ 2.

A complaint filed by Resorts in a related matter (the "Resorts Complaint") alleges Fred Lowenschuss ("Fred Lowenschuss") is a resident of the Commonwealth of Pennsylvania. Resorts Complaint, ¶ 3. Fred Lowenschuss is allegedly the trustee of individual retirement accounts formed for the benefit of Fred Lowenschuss (the "Fred Lowenschuss IRA") and Laurance Lowenschuss (the "Laurance Lowenschuss IRA"). *Id.* Fred Low-

---

1. Laurance Lowenschuss and Resorts submitted briefs concerning the propriety of referring the Complaint to the U.S. Bankruptcy Court, New Jersey and also submitted chronologies of related litigation. Laurance Lowenschuss submitted: Plaintiff's Brief as to Why This Action Should Not Be Referred to the Bankruptcy Court (the "Opp. Brief"); Plaintiff's Chronology of Litigation (the "Pltf. Chronology"). Resorts submitted:

Memorandum of Law of Defendant Resorts International, Inc. Respecting the Standing Order of Reference, Dated July 23, 1984, of the United States District Court for the District of New Jersey (the "Moving Brief"); Defendant's Submission Concerning the Procedural History of This Action (the "Def. Chronology"); Declaration of Jonathan L. Israel, Esq. ("Israel Decl.") attaching Exhibits 1 through 12.

enschuss is the father of Laurance Lowenschuss. Complaint, ¶ 8; Def. Chronology at 5.

## B. *Background and Procedural History*

Laurance Lowenschuss filed the Complaint on 13 September 1994 in the U.S. District Court, Nevada.[2] Laurance Lowenschuss seeks $1,000,000.00 in damages for abuse of process for a motion filed by Resorts, in a related proceeding, to hold Laurance Lowenschuss in contempt (the "Contempt Motion").[3] Complaint, ¶¶ 23–28 (the "First Claim for Relief"). Laurance Lowenschuss also seeks a declaratory judgment in connection with a tender by the Pension Plan of shares of stock in Resorts (the "Tender") and a declaratory judgment "that this Court has sole and exclusive jurisdiction over the issues raised in this action." *Id.*, ¶¶ 29–39 (the "Second Claim for Relief"). Further, Laurance Lowenschuss demands an injunction preventing Resorts "and its representatives and attorneys ... from interfering in any manner with the proper management, investment and distribution of the Pension Plan assets and from interfering in any way in any and all activities of the Pension Plan." *Id.*, ¶ 41. Laurance Lowenschuss also seeks to enjoin Resorts "and its representatives and attorneys from ... pursuing any separate or other action against the Pension Plan" for the funds the Pension Plan received from the Tender. *Id.*, ¶ 42 (the "Third Claim for Relief"). Finally, Laurance Lowenschuss seeks general damages exceeding $1,000,000.00, special damages not set out in the Complaint and punitive damages exceeding $1,000,000.00 for interference with contractual relationships between the Pension Plan and unspecified third parties. *Id.*, ¶¶ 43–47 (the "Fourth Claim for Relief").[4] Laurance Lowenschuss also seeks statutory damages, including treble damages and costs, attorneys'

fees and interest. Complaint, Prayer For Relief.

Laurance Lowenschuss filed a motion for summary judgment (the "Summary Judgment Motion") in the U.S. District Court, Nevada on 21 October 1994. On 31 October 1994, Resorts filed a motion in the U.S. District Court, Nevada, to dismiss the Complaint (the "Motion to Dismiss") for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Resorts requested an adjournment of the Summary Judgment Motion (the "Motion for Adjournment") on 8 November 1994. On 29 November 1994, the U.S. District Court, Nevada granted the Motion for Adjournment, and on 6 January 1995, the U.S. District Court, Nevada decided the Motion to Dismiss, concluding Laurance Lowenschuss lacked jurisdiction over Resorts. The U.S. District Court, Nevada ordered the Complaint, including the pending Summary Judgment Motion, transferred to the United States District Court for the Eastern District of Pennsylvania (the "U.S. District Court, Pennsylvania"), pursuant to 28 U.S.C. § 1631.

On 7 February 1995, Resorts filed an answer (the "Answer") in the U.S. District Court, Pennsylvania,[5] alleging six affirmative defenses, including claim preclusion and issue preclusion. Answer, ¶ 51. On the following day, Resorts filed a motion to transfer the Complaint (the "Motion to Transfer") to the United States District Court for the District of New Jersey (the "U.S. District Court, New Jersey"). On 17 February 1995, Resorts amended its answer (the "Amended Answer") to include counterclaims (the "Counterclaims"). The Amended Answer and Counterclaims seek dismissal of the Complaint, Amended Answer, Prayer for Relief, ¶ (a), rescission of the Tender made in connection with the Merger and return of the

---

2. The U.S. District Court, Nevada assigned docket number 94–652 to the Complaint.

3. Resorts filed the Contempt Motion in the U.S. Bankruptcy Court, New Jersey. For a discussion of the related proceeding in which the Contempt Motion was filed, *see infra* at 345, 348.

4. The third and fourth claims set out in the Complaint are each denominated as "Third

Claim for Relief." For purposes of clarity, the final claim set out in the Complaint is defined in this Letter–Opinion as the Fourth Claim for Relief.

5. Upon transfer to the U.S. District Court, Pennsylvania, the Complaint was docketed Civil Action No. 95–205.

of $3,805,200.00 payment to the Pension Plan as part of the Tender, *id.,* ¶¶ (b), (c), and prejudgment and postjudgment interest, punitive damages, costs, attorneys' fees and any other relief "as this Court determines to be just and proper." *Id.,* ¶¶ (d)–(g). Laurance Lowenschuss responded to the Motion to Transfer on 23 February 1995. On the following day, Resorts filed a motion to stay the Summary Judgment Motion (the "Motion to Stay"); as stated, Laurance Lowenschuss had filed the Summary Judgment Motion in the U.S. District Court, Nevada on 21 October 1994. The U.S. District Court, Pennsylvania granted the Motion to Transfer to the U.S. District Court, New Jersey on 17 April 1995, pursuant to 28 U.S.C. § 1404(a).[6]

## C. *Related Litigation*

Fred and Laurance Lowenschuss have been involved in considerable litigation with Resorts related to the Complaint. What follows is a chronology of related litigation among the parties. Unless otherwise noted, the facts stated appear in the papers of the parties. Facts that appear only in the papers of one party are supported by a cite to that party's papers.

### 1. *The Merger Actions*

In 1988, Resorts, then a publicly-owned company controlled primarily by one shareholder, agreed to the Merger with Griffco Acquisition Corporation. Under the terms of the Merger, holders of Resorts common stock other than the controlling shareholder could receive $36.00 per share, or instead be bound by an appraisal proceeding that would set the price for the Resorts shares under Delaware law.[7] The Merger precipitated several shareholder derivative actions and class actions against Resorts, which were subsequently settled. Both the Delaware Chancery Court (the "Delaware Chancery Court") and the U.S. District Court, New Jersey approved those settlements, resulting in final judgments allegedly binding upon the class. Def. Chronology at 1–2.

### 2. *The Fred Lowenschuss Appraisal Action*

At the time of the Merger, Fred Lowenschuss, as trustee (the "Trustee")[8] of the Pension Plan, held Resorts common stock. He filed an action against Resorts, in the U.S. District Court, Pennsylvania, on 10 February 1989, seeking appraisal rights for shares of Resorts that the Pension Plan then owned (the "Fred Lowenschuss Appraisal Action").[9] That court dismissed the action without prejudice on 29 June 1989 (the "29 June 1989 Decision") on ground that the Trustee was then a party to an appraisal proceeding that Resorts had commenced, on 17 February 1989, in Delaware Chancery Court (the "Resorts Delaware Appraisal Action"). On 6 July 1989, Fred Lowenschuss moved the U.S. District Court, Pennsylvania for reconsideration of the 29 June 1989 Decision (the "Motion for Reconsideration"), which was denied on 7 August 1989.[10]

On 12 July 1989 the Trustee filed a petition ("Petition") with the U.S. District Court, Pennsylvania, stating he was tendering the Pension Plan's shares in Resorts to that court. In the Petition, the Trustee requested an order directing Resorts to pay him $36.00 per share. On 18 July 1989, Resorts opposed the Petition. The U.S. District Court, Pennsylvania denied the Petition on 3 August 1989. Def. Chronology at 2–3.

---

6. Upon transfer to this Court, the Complaint was docketed Civil Action No. 95–2673 (AJL). It appears the U.S. District Court, Pennsylvania did not address the Motion to Stay.

7. Holders of Resorts common stock received notice of the Merger and tender offer on 15 November 1988. Pltf. Chronology at 1.

8. In this opinion, "Trustee" refers to either Fred Lowenschuss or Laurance Lowenschuss when acting on behalf of the Pension Plan. Laurance Lowenschuss allegedly succeeded his father as Trustee of the Pension Plan on 2 October 1992. Amended Answer, ¶ 58.

9. *Fred Lowenschuss, et al. v. Resorts International, Inc., et al.,* Civil Action No. 89–1071.

10. *See Resorts International, Inc. v. Fred Lowenschuss, individually and as Trustee of Fred Lowenschuss I.R.A., and Laurance Lowenschuss, I.R.A.,* Adv.Proc. No. 90–1005, 26 July 1991 Report and Recommendation of Bankruptcy Judge Rosemary Gambardella (the "26 July 1991 Report and Recommendation"), at 6.

On 26 July 1989, while (1) the Petition was pending in the U.S. District Court, Pennsylvania; (2) the Motion for Reconsideration was pending before the U.S. District Court, Pennsylvania in the Fred Lowenschuss Appraisal Action; (3) the Pension Fund's Resorts shares had been apparently tendered to the U.S. District Court, Pennsylvania; and (4) the Resorts Delaware Appraisal Action was pending, the Trustee made the Tender of Resorts shares to the transfer agent. The transfer agent paid the Pension Plan $3,805,-200.00 on 27 July 1989.[11] On 1 March 1991, the Court of Appeals for the Third Circuit dismissed the Trustee's appeal of the dismissal by the U.S. District Court, Pennsylvania of the Fred Lowenschuss Appraisal Action. Def. Chronology at 2.

### 3. *The Resorts Adversary Proceeding*

On 26 September 1989, Resorts filed the Resorts Complaint in the U.S. District Court, Pennsylvania[12] against Fred Lowenschuss, individually and as trustee of the Fred Lowenschuss IRA and Laurance Lowenschuss IRA, seeking rescission of the transfer of Resorts shares and return of the $3,805,-200.00 (the "Resorts Adversary Proceeding").[13] The legal theories advanced in the Resorts Complaint include mistake, fraud and illegal contract. *See* Resorts Complaint at First through Third Counts, attached to Israel Decl. as Ex. 1.

The Resorts Complaint alleges the Merger between Resorts and Griffco Acquisition Corporation occurred on 15 November 1988. Resorts Complaint, ¶ 6. Under the terms of the Merger, Resorts shareholders had the option of either tendering their shares and receiving $36.00 per share, or instead pursuing appraisal rights under Delaware law. *Id.*, ¶ 7. Fred Lowenschuss chose to pre-serve his appraisal rights and did not tender his Resorts shares. *Id.*, ¶ 8. Pursuant to Del.Code Ann. tit. 8, § 262 ("Section 262"), one has the option of withdrawing a demand for appraisal for sixty days following the effective date of a merger; once an appraisal proceeding is commenced, "no appraisal proceeding in the Court of Chancery shall be dismissed as to any stockholder without the approval of the Court...." *Id.*, ¶¶ 9, 10.

Fred Lowenschuss allegedly never withdrew his demand for an appraisal during the sixty-day statutory period. Instead, he commenced the Fred Lowenschuss Appraisal Action on 10 February 1989 in the U.S. District Court, Pennsylvania.[14] Resorts Complaint, ¶¶ 11, 12. Resorts commenced the Resorts Delaware Appraisal Action in Delaware Chancery Court on 17 February 1989. *Id.*, ¶ 13.

The Resorts Complaint alleges other facts previously noted in this chronology, and also alleges Fred Lowenschuss had no right to tender his Resorts shares to the U.S. District Court, Pennsylvania and request an order for payment because under Section 262, Resorts' offer to purchase the shares had expired by that time. Resorts Complaint, ¶¶ 20, 22. Resorts alleges an employee of Resorts paid the transfer agent for the Pension Fund's shares in Resorts stock only because he held the mistaken belief that Resorts was obligated under the terms of the Merger to redeem the shares of Resorts owned by the Pension Plan. *Id.*, ¶ 23.

### 4. *The Resorts First Bankruptcy*

On 12 November 1989, Resorts entered involuntary bankruptcy proceedings in the

---

11. *See* 26 July 1991 Report and Recommendation at 7.

12. *Resorts International, Inc. v. Fred Lowenschuss, individually and as Trustee of Fred Lowenschuss, IRA, and Laurance Lowenschuss, IRA,* Civil Action No. 89–6917. The Trustee filed an answer and counterclaim on 20 October 1989. Pltf. Chronology at 1.

13. It is not apparent whether the shares of Resorts at issue in the Tender were owned by the Pension Plan, the Fred Lowenschuss IRA or the Laurance Lowenschuss IRA; it further appears ownership of the shares has been the subject of related litigation.

14. In the Summary Judgment Motion, filed by Laurance Lowenschuss in the U.S. District Court, Nevada, Lowenschuss argues the Fred Lowenschuss Appraisal Action was timely dismissed and therefore, the Tender, in July 1989, did not violate Section 262. Summary Judgment Motion at 4–5.

U.S. Bankruptcy Court, New Jersey.[15] Resorts consented to an order for relief under the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, (the "Code") on 22 December 1989, Pltf. Chronology at 1, and removed the Resorts Adversary Proceeding from the U.S. District Court, Pennsylvania by unopposed motion to the U.S. Bankruptcy Court, New Jersey on 5 March 1990, pursuant to 28 U.S.C. § 1452. Order of U.S. District Court, Pennsylvania, filed 5 March 1990, attached to Israel Decl. as Ex. 3.[16] The U.S. Bankruptcy Court, New Jersey confirmed a plan (the "Resorts Second Plan")[17] for the reorganization of Resorts on 28 August 1990 (the "Confirmation Date"). *See* Resorts Second Plan, attached to Israel Decl. as Ex. 5. Resorts then filed an amended complaint (the "Resorts Amended Complaint") in the Resorts Adversary Proceeding, on 1 November 1990 in the U.S. Bankruptcy Court, New Jersey. The Resorts Amended Complaint alleged jurisdiction under 28 U.S.C. §§ 1334 and 157, and alleged the proceeding constituted a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Resorts Amended Complaint, ¶ 46, attached to Israel Decl. as Ex. 2. Resorts added claims alleging fraudulent conveyance under the Code and under New Jersey law. Specifically, the Resorts Amended Complaint alleged the Tender was voidable under 11 U.S.C. §§ 544(b), 548(a)(1), 548(a)(2), 550 and N.J.S.A. §§ 25:2–25, 25:2–27. *Id.*, ¶¶ 50, 54, 58; *see* Def. Chronology at 3.

The U.S. Bankruptcy Court, New Jersey issued the 26 July 1991 Report and Recommendation, which concluded the Resorts Adversary Proceeding was a core proceeding over which the U.S. Bankruptcy Court, New Jersey had jurisdiction. 26 July 1991 Report and Recommendation at 64. The 26 July 1991 Report and Recommendation also recommended motions by Fred Lowenschuss to abstain or to remand the proceeding to the U.S. District Court, Pennsylvania be denied. *Id.* at 65.[18] By order, without opinion, dated 8 November 1991, Judge Stanley Brotman of the U.S. District Court, New Jersey adopted the 26 July 1991 Report and Recommendation. Order, dated and filed 8 November 1991 (the "8 November 1991 Order").

On 19 February 1992, the U.S. Bankruptcy Court, New Jersey granted partial summary judgment to Resorts in the Resorts Adversary Proceeding ("the 1992 Summary Judgment"), holding the Tender was an illegal contract because it violated Section 262. 1992 Summary Judgment at 32. Judge Gambardella of the U.S. Bankruptcy Court, New Jersey declined to grant Resorts' requested remedies of rescission and restitution, but held, however, there existed "issues of material fact such as whether Lowenschuss acted fraudulently and whether Resorts made a mistake of fact or a mistake of law."[19] *Id.* at 36.

Resorts argued that the Trustee was removing and concealing Pension Plan assets and sought an order from the U.S. Bankruptcy Court, New Jersey to enjoin the Trustee from transferring Pension Plan assets. On 16 June 1992, the U.S. Bankruptcy Court, New Jersey enjoined Fred Lowenschuss, in-

15. *In re Resorts International, Inc., et al.*, Nos. 89–10119, 89–10120, 89–10461, 89–10462. *See* Complaint, ¶ 10; Pltf. Chronology at 2. A review of the docket of the U.S. Bankruptcy Court, New Jersey indicates these four cases were consolidated into No. 89–10119, on 9 May 1990.

16. Upon removal to the U.S. Bankruptcy Court, New Jersey, the action is docketed as Adversary Proc. No. 90–1005.

17. Pltf. Chronology at 2 (listed as "Resorts' Second Amended Joint Plan of Reorganization"). Neither party mentions Resorts' first plan of reorganization.

18. The U.S. Bankruptcy Court, New Jersey explained that under the version of Rule 9027(e) of the Federal Rules of Bankruptcy Procedure then in effect, a bankruptcy court must dispose of a motion to remand by report and recommendation to a Federal district court. 26 July 1991 Report and Recommendation at 14 (citing *In re Marathon Home Loans*, 96 B.R. 296, 298 (E.D.Cal.1989)).

19. The U.S. Bankruptcy Court, New Jersey originally set the Resorts Adversary Proceeding for trial on 29 September 1995. Def. Chronology at 7. By letter, dated 27 September 1995, counsel for Resorts indicated the U.S. Bankruptcy Court, New Jersey adjourned the trial date to 12 October 1995. An inquiry with the Chambers of Judge Gambardella, U.S. Bankruptcy Court, New Jersey on 23 January 1996 indicates that closing arguments in the trial of the Resorts Adversary Proceeding are scheduled for 8 February 1996.

dividually and as Trustee, from disposing of the $3,805,200.00 received in the Tender, pursuant to 11 U.S.C. § 105 (the "16 June 1992 Order").

### 5. *The Fred Lowenschuss Bankruptcy*

On 24 August 1992, Fred Lowenschuss filed for bankruptcy (the "Fred Lowenschuss Bankruptcy") in the United States Bankruptcy Court for the District of Nevada (the "U.S. Bankruptcy Court, Nevada").[20] Arguing that the assets of the Pension Plan could be part of the bankruptcy estate of Fred Lowenschuss, Resorts filed two proofs of claim (the "Proofs of Claim") in the U.S. Bankruptcy Court, Nevada on 25 May 1993, annexing copies of the Resorts Complaint and the Resorts Amended Complaint from the Resorts Adversary Proceeding. Resorts withdrew the Proofs of Claim with prejudice from the Fred Lowenschuss Bankruptcy on 14 October 1993.

Upon the filing of the Fred Lowenschuss Bankruptcy, the U.S. Bankruptcy Court, New Jersey stayed the Resorts Adversary Proceeding pursuant to 11 U.S.C. § 362(a). Def. Chronology at 4; *see also* Notice of Motion and Memorandum of Law in Support for Order Dismissing, Transferring or Staying Proceeding, by Fred Lowenschuss, dated 27 September 1994, filed with the U.S. Bankruptcy Court, New Jersey, attached to Israel Decl. as Ex. 12. The U.S. Bankruptcy Court, Nevada confirmed a plan for reorganization on 28 October 1993 (the "Fred Lowenschuss Plan"). The Fred Lowenschuss Plan included a release of Resorts' claims against the Pension Plan. Pltf. Chronology at 2. Resorts appealed the Fred Lowenschuss Plan; on 9 June 1994, the U.S. District Court, Nevada vacated the portion of the order that released Resorts' claims against the Pension Plan (the "9 June 1994 Order"). The 9 June 1994 Order also permitted the Proofs of Claim to be conditionally withdrawn, rather than withdrawn with preju-

dice.[21] On 10 November 1994, however, the U.S. District Court, Nevada stayed its 9 June 1994 Order, which had vacated the release of the Pension Plan. Pltf. Chronology at 4. On 8 July 1994, the Trustee appealed the 9 June 1994 Order to the Court of Appeals for the Ninth Circuit. The Ninth Circuit affirmed the 9 June 1994 Order on 10 October 1995. *Resorts Int'l v. Lowenschuss,* 67 F.3d 1394, 1401–03 (9th Cir.1995).

Fred Lowenschuss filed an adversary proceeding in the Fred Lowenschuss Bankruptcy on 11 August 1994 in the U.S. Bankruptcy Court, Nevada seeking a temporary restraining order and a preliminary and permanent injunction against Resorts. Pltf. Chronology at 3. On 30 August 1994, following a hearing, the U.S. Bankruptcy Court, Nevada issued a restraining order and injunction against Resorts. *Id.* On 6 September 1994, The U.S. Bankruptcy Court, Nevada permanently enjoined Resorts from proceeding with its claims in the Resorts Adversary Proceeding pending in the U.S. Bankruptcy Court, New Jersey on ground that Resorts voluntary withdrew the Proofs of Claim with prejudice on 14 October 1993.

### 6. *The Resorts Second Bankruptcy*

Laurance Lowenschuss alleges Resorts entered bankruptcy proceedings again sometime in 1993 in United States Bankruptcy Court for the District of Delaware (the "Resorts Second Bankruptcy"), resulting in another plan of reorganization, "dated January 1994" (the "Resorts Third Plan"). Pltf. Chronology at 2; *see* Opp. Brief at 3.[22]

### 7. *Additional Chronology Concerning Related Litigation*

Resorts became suspicious that Laurance Lowenschuss, who allegedly succeeded his father as Trustee of the Pension Plan on 2 October 1992, was violating the 16 June 1992 Order. Def. Chronology at 5; Opinion in

**20.** *In re Fred Lowenschuss, Debtor,* Case No. BK–N–92–31474–JHT. Pltf. Chronology at 2.

**21.** *See* Opinion of Judge Debevoise in *Fred Lowenschuss, individually and as Trustee of Fred Lowenschuss, I.R.A., and Laurance Lowenschuss, I.R.A., v. Resorts International, Inc.,* Civil Action

No. 94–5685 (D.N.J., 30 Jan. 1995) (the "Opinion in 1995 Bankruptcy Appeal") at 3.

**22.** The Resorts Second Bankruptcy is an allegation; no documents have been submitted to establish the Resorts Second Bankruptcy.

1995 Bankruptcy Appeal at 3–4. On 8 July 1994, Resorts served a notice of deposition of Laurance Lowenschuss on "Thomas Groshens, Esq., a Pennsylvania lawyer." Complaint, ¶ 20; Pltf. Chronology at 2–3; Opinion in 1995 Bankruptcy Appeal at 3–4. Because Laurance Lowenschuss did not respond to the notice or appear at the appointed time, Resorts filed the Contempt Motion, on 25 August 1994, in the Resorts Adversary Proceeding, pending in the U.S. Bankruptcy Court, New Jersey, seeking to hold Laurance Lowenschuss in contempt. In the Contempt Motion, Resorts moved (1) to hold Laurance Lowenschuss in contempt; (2) for repayment of any funds that the Pension Plan may have distributed since the 16 June 1992 Order; (3) to remove Laurance Lowenschuss as Trustee; (4) to appoint a new Trustee for the Pension Plan; and (5) for an accounting of the Pension Plan. On 7 September 1994, the U.S. Bankruptcy Court, New Jersey held a hearing on the Contempt Motion. At that hearing, the court denied the Motion for Contempt as "premature," although it held that an accounting of the Pension Plan, by Laurance Lowenschuss was appropriate. See Opinion in 1995 Bankruptcy Appeal at 8 (Debevoise, J.) (citing order, signed on 20 October 1994 (the "Accounting Order")).

On 26 September 1994 Resorts filed a "Motion Concerning the Status of the Trustee of the Fred Lowenschuss Associates Pension Plan" in the Resorts Adversary Proceeding. In the same proceeding, on the following day, Fred Lowenschuss filed a motion to dismiss for lack of jurisdiction (the "27 September 1994 Motion to Dismiss"). Pltf. Chronology at 3–4.

Fred Lowenschuss appealed the Accounting Order to the U.S. District Court, New Jersey on 27 October 1994; on 7 November 1994 he also filed a motion to stay the Accounting Order pending appeal. *Id.* at 4. In an opinion and order, filed 30 January 1995, Judge Debevoise of the U.S. District Court, New Jersey vacated the Accounting Order and denied the 27 September 1994 Motion to

Dismiss. *See* Opinion in 1995 Bankruptcy Appeal at 11–13. Resorts appealed the vacation of the Accounting Order to the Third Circuit on 24 April 1995. Pltf. Chronology at 5. On 5 May 1995, Fred Lowenschuss filed a cross-appeal of the Opinion in 1995 Bankruptcy Appeal to the Circuit on the jurisdictional issue. A review of the docket of the Court of Appeals for the Third Circuit indicates both of these appeals were denied as moot after the parties stipulated to dismissal.

On 17 May 1995, the U.S. Bankruptcy Court, New Jersey, on Resorts' motion, ordered the caption of the Resorts Adversary Proceeding clarified (the "17 May 1995 Clarification Order") "to reflect that the Trustee of the Fred Lowenschuss Associates Pension Plan is and has been a party to this action," and denied the Trustee's motion to dismiss. 17 May 1995 Clarification Order at 42. On 29 June 1995, the Trustee filed a notice of appeal of the 17 May 1995 Clarification Order. Pltf. Chronology at 5.

Judge Debevoise of the U.S. District Court, New Jersey affirmed the 17 May 1995 Clarification Order. *See* Opinion and Order, filed 22 September 1995 (the "22 September 1995 Opinion and Order").[23] Judge Debevoise explained that the decision of the U.S. Bankruptcy Court, New Jersey permitting the caption of the Resorts Adversary Proceeding to be amended to include the Pension Plan as a defendant was appropriate because Fred Lowenschuss, as Trustee, had voluntarily joined in that action by filing a counterclaim as Trustee. *Id.* at 5. In addition, Judge Debevoise held that the Trustee of the Pension Plan had fair notice of the Resorts Adversary Proceeding and "had been afforded the opportunity to make objections." *Id.* (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950)).

## D. *Additional Background Concerning the Complaint in the Instant Matter*

The foregoing review of related litigation provides background necessary to under-

---

**23.** The parties have been before the U.S. District Court, New Jersey several times on related litigation. *See* 8 November 1991 Order (Brotman, J.) (adopting the 26 July 1991 Report and Recommendation) (two page order, without opinion);

Opinion in 1995 Bankruptcy Appeal, filed 30 January 1995 (Debevoise, J.) (13 page opinion); 22 September 1995 Opinion and Order (Debevoise, J.) (six page opinion).

stand the basis of the claims alleged in the Complaint. In the First Claim for Relief, *see* Complaint, ¶¶ 23–28, Laurance Lowenschuss alleges the Contempt Motion "was negligently and/or intentionally filed for improper purposes and designed to injure, damage and cause [Laurance Lowenschuss] to suffer emotional distress and to prevent him from properly and fully carrying out his duties as [T]rustee for the ... Pension Plan." *Id.,* ¶ 24.

The Second Claim for Relief requests a declaratory judgment that the Pension Plan "is entitled to retain the sum of $3,805,-200.00" from the Tender, and also requests a declaratory judgment "that this Court [presently, the U.S. Bankruptcy Court, New Jersey] has sole and exclusive jurisdiction over the issues raised in this action." Complaint, ¶ 39. In connection with the Second Claim for Relief, the Complaint also alleges the Tender of the Pension Plan's shares in Resorts was proper because the Tender was executed in accordance with instructions supplied by Resorts. *Id.,* ¶ 31.

In the Third Claim for Relief, Laurance Lowenschuss seeks to enjoin Resorts "and its representatives and attorneys ... from interfering in any manner with the proper management, investment and distribution of the Pension Plan assets.... [and] from ... pursuing any separate or other action against the Pension Plan for the $36.00 per share the Pension Plan received in the [Tender]." Complaint, ¶ 42. It appears the Third Claim for Relief also seeks to enjoin Resorts from prosecuting the Resorts Adversary Proceeding. The Fourth Claim for Relief, for interference with contractual relationships between the Pension Plan and unspecified third parties, stems from Resorts' efforts to prosecute the Resorts Adversary Proceeding. *Id.,* ¶¶ 43–47.

*Discussion*

A. *Preliminary Matters*

Laurance Lowenschuss argues the Complaint should not be referred to the U.S. Bankruptcy Court, New Jersey because Resorts is no longer in bankruptcy. Opp. Brief at 12. As noted, all four cases comprising the Resorts First Bankruptcy were previously consolidated into a case bearing docket number 89–10119; that case is currently pending. *See supra* note 15.

Laurance Lowenschuss also argues that neither he nor the Pension Plan is a party to any action in the U.S. Bankruptcy Court, New Jersey. Opp. Brief at 12. Laurance Lowenschuss also argues "there are no defendants before the [U.S. Bankruptcy Court, New Jersey] against whom it can render a decision." *Id.* As indicated, the U.S. Bankruptcy Court, New Jersey concluded in the 17 May 1995 Clarification Order, subsequently affirmed by Judge Debevoise of the U.S. District Court, New Jersey, that the "Trustee of the Fred Lowenschuss Associates Pension Plan is and has been a party" to the Resorts Adversary Proceeding. 22 September 1995 Opinion and Order. Further, it is apparent from the caption in the Complaint, which Laurance Lowenschuss filed, that he is currently the Trustee of the Pension Plan. It therefore appears Laurance Lowenschuss and the Pension Plan are both parties to the Resorts Adversary Proceeding, which is pending before Judge Gambardella in the U.S. Bankruptcy Court, New Jersey.

■ Laurance Lowenschuss argues that neither the Resorts Second Plan, nor the Resorts Third Plan [24] nor any other confirmed plan for the reorganization of Resorts "retained jurisdiction to permit suits against the Pension Plan." Opp. Brief at 7. The Resorts Second Plan retained jurisdiction "[t]o hear and determine any and all applications, adversary proceedings, contested matters and other litigated matters pending on the Confirmation Date." Resorts Second Plan, Article XI, § 11.1(b), attached to Israel Decl. as Ex. 4. The Confirmation Date of the Resorts Second Plan is 28 August 1990. *See* Israel Decl., ¶ 6 & Ex. 5. The Resorts Adversary Proceeding was commenced in the U.S. District Court, Pennsylvania on 26 September 1989 and was removed to the U.S. Bankruptcy Court, New Jersey on 5 March

---

**24.** As indicated, there are no submissions to establish the Resorts Second Bankruptcy or the

Resorts Third Plan. *See supra* note 22.

1990. *See id.,* ¶¶ 2, 4 & Ex. 1, 3. That matter was pending on the Confirmation Date. The U.S. Bankruptcy Court, New Jersey decided a motion in that matter as recently as 17 May 1995. 17 May 1995 Clarification Order. As indicated, the 17 May 1995 Clarification Order held that the Pension Plan was a party to the Resorts Adversary Proceeding since its inception. It appears the Second Plan of Reorganization retained jurisdiction over the Resorts Adversary Proceeding, to which the Pension Plan is a party; Laurance Lowenschuss is the Trustee of the Pension Plan. Accordingly, Laurance Lowenschuss' argument, that no plan for the reorganization of Resorts "retained jurisdiction to permit suits against the Pension Plan," is rejected.

■ In addition, Laurance Lowenschuss argues the Complaint should not be referred because he is entitled to a jury trial before an Article III court on his claims. Opp. Brief at 12. This claim is premature. No court has decided the Summary Judgment Motion and the Answer and Amended Answer assert preclusion defenses. Answer, ¶ 51; Amended Answer, ¶ 51. As explained below, the Complaint is related to the Resorts First Bankruptcy within the meaning of Section 157(a). It is therefore appropriate for the U.S. Bankruptcy Court, New Jersey to address the Summary Judgment Motion and the defenses asserted by Resorts. Accordingly, the jury trial issues are not addressed.

### B. *Standards For Referral to the Bankruptcy Court*

■ Federal district courts have original, though not exclusive, jurisdiction over all civil proceedings arising under the Code or arising in or related to cases under the Code. 28 U.S.C. § 1334(b); *In re Marcus Hook Dev. Park, Inc.,* 943 F.2d 261, 264 n. 3 (3d Cir.1991). Under Section 157(a), district courts may refer to bankruptcy courts "any or all cases under [the Code] and any or all proceedings arising under [the Code] or arising in or related to a case under [the Code]." 28 U.S.C. § 157(a). District courts usually refer all matters within the scope of Section 157(a) to the bankruptcy courts. Standing Order, ¶ 1; *In re Guild and Gallery Plus, Inc.,* 72 F.3d 1171, 1175 (3d Cir.1996) (citing *Marcus Hook,* 943 F.2d at 264 n. 3); *Dailey v. First Peoples Bank,* 76 B.R. 963, 965 (D.N.J.1987).

■ The Resorts First Bankruptcy is a case currently pending in the U.S. Bankruptcy Court, New Jersey. Nonetheless, Laurance Lowenschuss argues the Complaint should not be referred to the U.S. Bankruptcy Court, New Jersey, because the Complaint concerns a non-core proceeding. Opp. Brief at 12. The mere presence of a non-core proceeding, however, does not mean that a district court may not refer the action. Section 157(c)(1) of Title 28 ("Section 157(c)(1)") provides:

> A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

28 U.S.C. § 157(c)(1).

■ Therefore, the Complaint also may be referred if the claims raised are related to a case under the Code. A bankruptcy judge may enter final orders or judgments on a core proceeding. 28 U.S.C. § 157(b); *Phar–Mor, Inc. v. Coopers & Lybrand,* 22 F.3d 1228, 1235 (3d Cir.1994). In a non-core proceeding, however, unless the parties consent, the bankruptcy judge makes a report and recommendation, subject to *de novo* review by the district court on any matter to which a party has objected. Section 157(c)(1); Standing Order, ¶ 3; *Phar–Mor,* 22 F.3d at 1235.

### C. *Core/Non–Core Analysis*

The distinction between core and non-core proceedings was created by the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, § 104(a), 98 Stat. 340 (1984), in response to the decision of the

Supreme Court in *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). In *Northern Pipeline*, the Court stated that only controversies involving "public rights" such as bankruptcy reorganization could be adjudicated by non-Article III courts. The Court held:

> [T]he restructuring of debtor-creditor relations, which is at the *core* of the [F]ederal bankruptcy power, must be distinguished from the adjudication of state-created private rights, such as the right to recover contract damages.... The former may well be a "public right," but the latter obviously is not.

*Id.*, 458 U.S. at 71, 102 S.Ct. at 2871 (emphasis added). Given the constitutional constraints on the power of bankruptcy courts to finally adjudicate non-core matters, Congress enacted a nonexclusive list of fifteen examples of *core proceedings*.[25] 28 U.S.C. § 157(b)(2).

■ More recently, in *Phar-Mor*, the Circuit elaborated on the core/non-core distinction, stating " '[a] proceeding is core under [S]ection 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could only arise in the context of a bankruptcy case.' " *Phar-Mor*, 22 F.3d at 1234–35 (quoting *Barnett v. Stern*, 909 F.2d 973, 981 (7th Cir.1990)). By contrast, a non-core proceeding " 'does not invoke a substantive right created by the [F]ederal bankruptcy law and is one that could exist outside of bankruptcy[,] ... it

may be *related to* the bankruptcy because of its potential effect, but under [S]ection 157(c)(1) it is an 'otherwise related' or non-core proceeding.' " *Id.* at 1235 (quoting *In re Wood*, 825 F.2d 90, 97 (5th Cir.1987)) (emphasis in *Wood*).

■ As stated, Section 157(c)(1) permits a bankruptcy court to exercise jurisdiction over claims that are related to the bankruptcy case. "A proceeding is related to bankruptcy if *'the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.'* " *Marcus Hook*, 943 F.2d at 264 (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir.1984)) (emphasis in *Pacor* ); *see also Maritime Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1211 (3d Cir.1992) (holding that claims are related to the bankruptcy proceeding if adjudication of those claims would directly affect the administration of the estate) (citing *Pacor*, 743 F.2d at 994); *In re Smith*, 866 F.2d 576, 580 (3d Cir.1989).

■ Resorts contends that the U.S. Bankruptcy Court, New Jersey is the proper forum for this dispute because the relief demanded in the Complaint, if granted, has consequences for the Resorts First Bankruptcy. Moving Brief at 7. Turning to the Complaint, the First Claim for Relief is for abuse of process for the Contempt Motion Resorts filed in the Resorts Adversary Proceeding after Laurance Lowenschuss failed to appear for a deposition. Complaint, ¶ 24. The First Claim for Relief is not a core

---

**25.** This list includes:

(A) matters concerning the administration of the estate;

(B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of [the Code] but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under [the Code];

(C) counterclaims by the estate against persons filing claims against the estate;

(D) orders in respect to obtaining credit;

(E) orders to turn over property of the estate;

(F) proceedings to determine, avoid, or recover preferences;

(G) motions to terminate, annul, or modify the automatic stay;

(H) proceedings to determine, avoid, or recover fraudulent conveyances;

(I) determinations as to the dischargeability of particular debts;

(J) objections to discharges;

(K) determinations of the validity, extent, or priority of liens;

(L) confirmations of plans;

(M) orders approving the use or lease of property, including the use of cash collateral;

(N) orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate; and

(O) other proceedings affecting the liquidation of the assets of the estate or adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims.

28 U.S.C. § 157(b)(2).

**352**

proceeding because the common-law tort of abuse of process is not " 'a substantive right provided by title 11.' " *Guild and Gallery Plus,* 72 F.3d at 1178 (quoting *Marcus Hook,* 943 F.2d at 267). A common-law tort claim is, by definition, a private right of action arising under state law. *Northern Pipeline,* 458 U.S. at 71, 102 S.Ct. at 2871.

 The First Claim for Relief, however, is "related" to the Resorts First Bankruptcy pursuant to Section 157(c)(1); in addition, it arose out of that proceeding. In this claim, Laurance Lowenschuss seeks recovery of more than $1,000,000.00 from Resorts, the debtor in the Resorts First Bankruptcy. Complaint, ¶ 28. Specifically, the First Claim for Relief seeks damages for the Contempt Motion, which Resorts filed in the U.S. Bankruptcy Court, New Jersey as part of its efforts to prosecute the Resorts Adversary Proceeding. Because the First Claim for Relief seeks recovery for the Contempt Motion, it is closely related to the Resorts First Bankruptcy and the Resorts Adversary Proceeding. The First Claim for Relief will "potentially have some effect on the bankruptcy estate, such as altering the debtor's rights, liabilities, options, or freedom of action." *Smith,* 866 F.2d at 580. Therefore, under Section 157(c)(1), the U.S. Bankruptcy Court, New Jersey has jurisdiction over the First Claim for Relief.

 The Second Claim for Relief demands a declaratory judgment "that the Pension Plan is entitled to retain the sum of $3,805,200.00 which it received in [the Tender]." Complaint, ¶ 39. Because the right to a declaratory judgment does not arise under Title 11, the Second Claim for Relief is not a core proceeding. *Phar–Mor,* 22 F.3d at 1235. Nonetheless, the Second Claim for Relief is closely related to the Resorts First

Bankruptcy. The Resorts Adversary Proceeding was removed to the U.S. Bankruptcy Court, New Jersey on 5 March 1990, from the U.S. District Court, Pennsylvania after the commencement of the Resorts First Bankruptcy in the U.S. Bankruptcy Court, New Jersey. The trial in the Resorts Adversary Proceeding is nearly over; closing arguments are scheduled for 8 February 1996. A review of the facts indicates the Second Claim for Relief (and the Third Claim for Relief) amount to a mirror image of the matters in dispute in the Resorts Adversary Proceeding. At issue in the Resorts Adversary Proceeding is the validity of the Tender, the same issue Laurance Lowenschuss raises in the Second Claim for Relief. Because it concerns the validity of the Tender and the payment by the debtor in the Resorts First Bankruptcy of $3,805,200.00 to the Trustee, the requested declaratory judgment is related to the administration of the Resorts First Bankruptcy under Section 157(c)(1). Complaint, ¶ 39. Adjudicating the status of such a substantial sum has the potential to alter "the debtor's rights, liabilities, options, or freedom of action." *Smith,* 866 F.2d at 580. Accordingly, the U.S. Bankruptcy Court, New Jersey has jurisdiction over the Second Claim for Relief pursuant to Section 157(c)(1).[26]

 The Second Claim for Relief also seeks a declaratory judgment "that this Court has sole and exclusive jurisdiction over the issues raised in [the Complaint]." Complaint, ¶ 39. Neither the U.S. District Court, New Jersey, nor any other Federal court has exclusive jurisdiction over the Complaint. The Complaint is in Federal court based upon diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). *Id.,* ¶ 3. The Complaint presents no Federal questions.[27] Ac-

---

**26.** There is no question that the U.S. Bankruptcy Court, New Jersey has the authority to issue the declaratory judgment Laurance Lowenschuss demands in the Second Claim for Relief. Rule 7001 of the Federal Rules of Bankruptcy Procedure ("Rule 7001") provides: "An adversary proceeding.... is a proceeding (1) to recover money or property, ... (2) to determine the validity, priority, or extent of a lien or other interest in property...." Fed.R.Bankr.P. 7001. The Second Claim for Relief demands a declaratory judgment that the Tender is valid. Rule 7001 pro-

vides the U.S. Bankruptcy Court, New Jersey with the authority to issue a declaratory judgment to that effect.

**27.** Lowenschuss incorrectly alleges federal question jurisdiction. Complaint, ¶ 4 (alleging jurisdiction pursuant to 28 U.S.C. § 2201(a)). An action for a declaratory judgment pursuant to 28 U.S.C. § 2201(a) must have an independent basis of subject matter jurisdiction. *See Gruntal & Co. v. Steinberg,* 854 F.Supp. 324, 332 (D.N.J.), *aff'd,* 46 F.3d 1116 (3d Cir.1994). As well, whether or

cordingly, there is no basis for a declaratory judgment "that this Court has sole and exclusive jurisdiction over the issues raised in [the Complaint]."

 The Third Claim for Relief seeks to enjoin Resorts permanently from interfering with the Pension Plan or pursuing any actions against it relating to the Merger. Complaint, ¶¶ 41–42. The right to injunctive relief is not a core matter because it exists independent of the Code, arising under Rule 65 of the Federal Rules of Civil Procedure.

The requested injunctive relief, however, is related to the administration of the Resorts First Bankruptcy, pursuant to Section 157(c)(1), because it concerns the status of the Tender, which is at issue in the Resorts Adversary Proceeding. Therefore, pursuant to Section 157(c)(1), the U.S. Bankruptcy Court, New Jersey has jurisdiction over the Third Claim for Relief.

 The Fourth Claim for Relief is for damages for Resorts' alleged interference with contractual relationships between the Pension Plan and third parties. Complaint, ¶¶ 44–47. This final claim is a common-law tort cause of action, not a "a substantive right provided by Title 11." *Phar–Mor*, 22 F.3d at 1235 (quoting *Barnett*, 909 F.2d at 981). Therefore, the Fourth Claim for Relief is not a core matter. *Northern Pipeline*, 458 U.S. at 71, 102 S.Ct. at 2871.

 Nonetheless, the Fourth Claim for Relief is "related" under Section 157(c)(1) because it seeks recovery of more than $1,000,000.00 from Resorts, the debtor in the Resorts First Bankruptcy. Complaint, ¶ 47. "The conduct of [Resorts] constitutes interference with contractual relationships between the Pension Plan and third parties." Complaint, ¶ 44. In essence, the Fourth Claim for Relief seeks damages from Resorts for prosecuting the Resorts Adversary Proceeding. By arguing the conduct of Resorts was "willful, wanton, malicious and oppressive," Complaint, ¶ 47, Laurance Lowenschuss asserts that the Tender was valid. The validity of the Tender is the subject of

the trial in the Resorts Adversary Proceeding in the U.S. Bankruptcy Court, New Jersey. Because the Fourth Claim for Relief seeks $1,000,000.00 from the debtor in the Resorts First Bankruptcy, it will "potentially have some effect on the bankruptcy estate, such as altering the debtor's rights, liabilities, options, or freedom of action." *Smith*, 866 F.2d at 580. Therefore, pursuant to Section 157(c)(1), the U.S. Bankruptcy Court, New Jersey has jurisdiction over the Fourth Claim for Relief.

 Resorts raises the Counterclaims in the Amended Answer. The Counterclaims seek to rescind the Tender of Resorts shares and the payment by an agent of Resorts of $3,805,200.00 to the Trustee of the Pension Plan. Amended Answer, ¶¶ (b), (c). Resorts alleges the Tender is void or voidable on grounds of mistake, fraud and illegal contract. The Amended Answer incorporates by reference the Resorts Complaint and Resorts Amended Complaint, thereby alleging the Tender is voidable under 11 U.S.C. §§ 544(b), 548(a)(1), 548(a)(2), 550 and N.J.S.A. §§ 25:2–25, 25:2–27. The U.S. District Court, New Jersey has held that claims raised in the Resorts Adversary Proceeding—the same claims presented here as the Counterclaims—are core proceedings. 8 November 1991 Order (Brotman, J.) (adopting the 26 July 1991 Report and Recommendation). Accordingly, the U.S. Bankruptcy Court, New Jersey has jurisdiction over the Counterclaims.

*Conclusion*

The Resorts First Bankruptcy is currently pending in the U.S. Bankruptcy Court, New Jersey. That court has also granted partial summary judgment in the Resorts Adversary Proceeding, an action between the parties on claims involving many of the same underlying facts presented in the Complaint. In fact, the Resorts Adversary Proceeding has proceeded to trial, and closing arguments are scheduled for 8 February 1996. For the foregoing reasons, the Complaint is referred

---

not the Pension Plan is "ERISA qualified," *see* Complaint, ¶¶ 1, 4, the Complaint presents no

federal questions. *Cf.* 29 U.S.C. § 1132.

to the U.S. Bankruptcy Court, New Jersey, pursuant to Section 157(a) and the Standing Order, ¶ 1. The Summary Judgment Motion, filed by Laurance Lowenschuss on 21 October 1994 in the U.S. District Court, Nevada, should be addressed to the U.S. Bankruptcy Court, New Jersey.